IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| TRISH BOYD, | ] |
| | ] |
|     Plaintiff, | ] |
| | ] |
| vs. | ] |
| | ] |
| SERVICE EXPERTS HEATING & AIR | ]    JURY DEMAND |
| CONDITIONING d/b/a DONELSON | ] |
| AIR SERVICE EXPERTS, | ] |
| | ] |
|     Defendant. | ] |

## COMPLAINT

Comes now the Plaintiff, Trish Boyd, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION & VENUE

1. This action involves the application of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq* and the Pregnant Worker's Fairness Act, 42 U.S.C. § 2000gg, *et seq*. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

2. The claims asserted in this action arose in Davidson County, Nashville, Tennessee; therefore, proper venue for this action lies within the Middle District of Tennessee pursuant to 28 U.S.C. § 1391.

### ADMINISTRATIVE PREREQUISITE

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. § 2000e, *et seq*. A Notice of Right to Sue was issued on September 15, 2023, a true and correct copy of which is attached hereto as Exhibit A.

## PARTIES

4. Plaintiff, Trish Boyd, is an adult female individual and citizen of the United States who resides in Nashville, Tennessee.

5. At all relevant times, Ms. Boyd (hereinafter referred to as "Plaintiff" or "Ms. Boyd") was an employee of Donelson Air Service Experts (hereinafter referred to as "Defendant" or "DASE"), within the meaning of Title VII.

6. Defendant Donelson Air Service Experts is a limited liability company or similar business entity and regularly conducts business in Nashville, Tennessee.

7. At all relevant times, Defendants engaged in commerce or in an industry or activity affecting commerce and employed fifteen (15) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to Title VII.

8. Defendant Donelson Air Service Experts is an employer within the meaning of Title VII

.

## FACTUAL ALLEGATIONS

9. Ms. Boyd began her employment with Defendant on November 16, 2021, as a Customer Service Expert.

10. Ms. Boyd's essential job duties included filing, managing office calls, scheduling service, and processing customer payments.

11. Ms. Boyd did not receive any formal discipline during her employment.

12. In February 2022, Ms. Boyd informed Defendant she would need to take a leave of absence for the birth of her child.

13. Defendant ostensibly approved Ms. Boyd's leave.

14. Ms. Boyd was scheduled to begin her leave on April 1, 2022, and return on May 27, 2022.

15. On March 16, 2022, Ms. Boyd arrived at work as usual.

16. Upon her arrival, Ms. Boyd realized she had been locked out of Defendant's timekeeping system.

17. Defendant then informed Ms. Boyd her leave would begin effective immediately.

18. Ms. Boyd never told Defendant nor indicated to Defendant that she needed to begin her leave earlier than the previously scheduled date.

19. Prior to May 27, 2022, Ms. Boyd contacted Defendant to coordinate her return to work.

20. Defendant failed to respond to any of Ms. Boyd's communications.

21. On June 15, 2022, Defendant informed Ms. Boyd that her position had been filled.

22. Defendant effectively terminated Ms. Boyd's employment.

23. Ms. Boyd was discriminated against and retaliated against because of her pregnancy.

## COUNT I – VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-3 (DISCRIMINATION)

24. Plaintiff hereby re-alleges the forgoing paragraphs as though fully set forth herein.

25. Plaintiff is a female and a member of a protected class under Title VII of the Civil Rights Act.

26. Plaintiff was qualified for her position.

27. Plaintiff was subjected to disparate treatment because of her sex in violation of Title VII of the Civil Rights Act.

28. Defendant Donelson Air Service Experts is vicariously liable for the actions of its management and supervisors.

29. As a direct and proximate result of the actions of Donelson Air Service Experts set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and anguish.

30. As a direct and proximate result of such actions, Plaintiff has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

## COUNT II – VIOLATION OF TITLE VII, 42 U.S.C. § 2000e-3
## (RETALIATION)

31. Plaintiff hereby re-alleges the forgoing paragraphs as though fully set forth herein.

32. Plaintiff engaged in protected activity under Title VII by reporting her pregnancy.

33. Defendant Donelson Air Service Experts took adverse employment actions against the Plaintiff evidenced by her termination.

34. Pursuant to 42 U.S.C. § 2000e-3, Plaintiff was entitled to engage in and assert protected activities and rights without retaliation.

35. A causal link exists between the Defendants' decision to terminate Plaintiff and Plaintiff engaging in protected activity.

36. Defendants did not terminate Plaintiff for a legitimate, non-retaliatory reason and any reason given by Defendants would be pretextual in nature.

37. As the direct and proximate result of Defendants' knowing and willful violation of the Title VII, Plaintiff has suffered grave and substantial damages, wherefore Defendants stands liable to Plaintiff for reinstatement (or front pay), the payment of wages lost, out-of-pocket expenses, compensatory damages, punitive damages, reasonable attorney's fees and prejudgment interest.

## COUNT IV – VIOLATION OF THE PREGNANT WORKER'S FAIRNESS ACT
## (42 U.S.C. § 2000gg, et seq.)

38. Plaintiff hereby re-alleges the forgoing paragraphs as though fully set forth herein.

39. Plaintiff required a reasonable accommodation as a result of her pregnancy.

40. Defendant terminated Plaintiff after she utilized a reasonable accommodation arising from and relating to her pregnancy.

41. As a direct and proximate result of the actions of Defendant Donelson Air Service Experts set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and anguish.

42. As a direct and proximate result of such actions, Plaintiff has been, is being and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of back pay, front pay, wages, employment benefits, or other compensation denied or lost by Plaintiff as a result of Defendants' discrimination against Plaintiff;

(2) a judgment against the Defendant for damages, both compensatory and punitive, in an amount to be determined at trial;

(3) compensatory damages pursuant to the Pregnant Women's Fairness Act;

(4) attorney's fees, interest and costs;

(5) prejudgment and post judgement interest; and

(6) any such other legal or equitable relief as may be appropriate or to which she may be entitled under federal or state law.

Respectfully Submitted,

**THE EMPLOYMENT & CONSUMER LAW GROUP,**

 **/s/ LAUREN IRWIN**
**BRANDON HALL, BPR Np. 034027**
**LAUREN IRWIN, BPR No. 038433**
**EMILY COSTANZO, BPR No. 041447**
1720 West End Ave., Ste 402
Nashville, TN 37203
(615) 850-0632


*Attorneys for Plaintiff*